## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ESMOND L. SANFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv−0738−JPG** |
| | ) | |
| **MADISON COUNTY, ILLINOIS,** | ) | |
| **GARY BOST,** | ) | |
| **DONALD BUNT,** | ) | |
| **ROBERT HERTZ, and** | ) | |
| **MADISON COUNTY JAIL** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Esmond L. Sanford, an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that occurred at the Madison County Jail. Plaintiff requests costs and declarative relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Page **1** of **7**

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Plaintiff was incarcerated in the Madison County Jail until approximately August 2014. Plaintiff is a practicing Muslim, with sincerely-held beliefs.  (Doc. 1, p. 7-8).  Islam requires Jumu'ah services, traditionally held on Fridays with an Iman presiding.  No Muslim in the Madison County Jail was allowed time on Fridays for Jumu'ah services.  (Doc. 1, p. 7).  Inmates were allowed to attend non-denominational services on Saturdays and Sundays, but Plaintiff alleges that these services were Christian themed.  (Doc. 1, p. 7-8).  Other non-Christian clergy were permitted to visit in the public visiting room, "time permitting."   (Doc. 1, p. 7). Additionally, if a Christian detainee requested chaplaincy services, they were given an hour to meet with the Chaplain, and the visit was not counted towards their personal visit maximum. (Doc. 1, p. 9).  Plaintiff would have had to use a personal visit to meet with an Iman, and those

visits were limited to 30 minutes.  (Doc. 1, p. 12).  Plaintiff was permitted to participate in Ramadan.  (Doc. 1, p. 7).

Plaintiff informed Bost, Bunt, and Hertz that he was a practicing Muslim and requested time for "Jumu'ah" prayer and religious counseling, but his requests were denied.  (Doc. 1, p. 7).  Plaintiff also alleges that he made verbal complaints to Bost and Bunt.  (Doc. 1, p. 7).  None of the individual Defendants ever responded to Plaintiff's complaints.  (Doc. 9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into one count.  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The following claim survives threshold review.

**Count 1 –**Defendants impermissibly burdened the free exercise of Plaintiff's religion in violation of the First Amendment

A detainee's right to exercise his religion "does not evaporate entirely when he enters a jail."  *See Tarpley v. Allen Cnty., Ind.*, 312 F.3d 895, 898 (7th Cir. 2002) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972)).  However, the detainee's right "is not unfettered."  *Tarpley*, 312 F.3d at 898.   Prison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective.  *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987).  Based on these standards, Plaintiff's claim that Defendants violated his First Amendment rights cannot be dismissed at this point in the litigation.

However, Plaintiff has listed the Madison County Jail as a defendant in the case caption.  Under Federal Rule of Civil Procedure 17(b), a defendant named in a law-suit must have the

legal capacity to be sued.  Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b).  In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 3d Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity.  *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill. 1992); *see West By and Through Norris v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997).  The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement.  Ill. Const.1970, art. VII, § 4(c).  The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers.  730 ILCS § 125/2; ILCS 125/17.  As an elected officer, a sheriff is not an employee.  County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued.  *Magnuson,* 812 F.Supp. at 827.  Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1.  Therefore the Madison County Jail will be dismissed with prejudice as a Defendant.

In contrast, Madison County itself must proceed as a party.  Plaintiff has named Sheriff Robert Hertz as a Defendant in both his official and individual capacities.  When a county sheriff is sued in his official capacity, the county is a necessary party for the purposes of obtaining damages.  *Carver v. Sheriff of LaSalle County, Ill.*, 324 F.3d 947, 948 (7th Cir. 2003).  Madison County is only a party to this litigation for the purposes of funding any damages award that Plaintiff might receive as a result of his claim against Hertz in his official capacity.  *See Roger Whitmore's Auto Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 676 (7th Cir. 2005) (clarifying that the requirement that a county is a necessary party is only to address the "Illinois

law that requires counties to bear financial responsibility for damages. . .").  Madison County is a necessary party for damages purposes.

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel, which will be referred to the Magistrate Judge ultimately assigned to this case.  (Doc. 4).  He has also filed a Motion for Service of Process at Government Expense.  As Plaintiff has been granted IFP status, and his claims have survived threshold review, the Court will order service on Defendants.  Plaintiff's Motion is therefore **MOOT.**  (Doc. 3).

## Disposition

**IT IS ORDERED** that Defendant Madison County Jail is **DISMISSED with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Madison County, Gary Bost, Donald Bunt, and Robert Hertz:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting

service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

Page **6** of **7**

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 17, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**