UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ESMOND L. SANFORD,

  Plaintiff,

v.

MADISON COUNTY, ILLINOIS, CAPT.
GARY BOST, CAPT. DONALD BUNT,
SHERIFF ROBERT HERTZ and MADISON
COUNTY JAIL,

  Defendants.

Case No. 16-cv-738-JPG-RJD

## **MEMORANDUM AND ORDER**

  This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 55) of Magistrate Judge Reona J. Daly recommending that the Court deny the defendants' motions to dismiss based on the statute of limitations (Docs. 32 & 34) and grant the defendants' motion to dismiss Count 2 to the extent it states a claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.* (Doc. 46).[1] She found those claims are moot in light of the fact that plaintiff Esmond L. Sanford has been transferred to another institution. Sanford objects to the dismissal of his RLUIPA claim for injunctive relief (Doc. 58).

  The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.

---

[1] Since there is no cause of action under RLUIPA against defendants in their individual capacities, *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009), there is no viable RLUIPA claim in Count 1, which is only against defendants in their individual capacities.

1999).

The Court has reviewed Magistrate Judge Daly's recommendation to deny the motions to dismiss on statute of limitations grounds and finds no clear error. Therefore, it will adopt the Report in this regard.

Sanford objects to dismissal of his RLUIPA claim for injunctive relief, so the Court reviews that issue *de novo*. In this case, Sanford complains that he was not afforded adequate opportunities to practice his religion while detained at the Madison County Jail but that Christian detainees were. Sanford is no longer housed at the jail. In his objection, Sanford claims he has not requested injunctive relief under RLUIPA, yet he wants the Court to order the jail to change its practices.

Clearly, if Sanford seeks to make the jail change its practices in some way, he seeks injunctive relief. An injunction is "[a] court order commanding or preventing an action." Injunction, *Black's Law Dictionary* (10th ed. 2014). Magistrate Judge Daly was correct that when an inmate is transferred to another institution, his requests for injunctive relief at the first institution become moot unless he makes a showing that he will likely be retransferred to that first institution. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Sanford has made no such showing, so all of his claims for injunctive relief in this case are moot and will be dismissed without prejudice.[2]

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 55);
- **OVERRULES** Sanford's objection (Doc. 58);

---

[2] Technically, the defendant has only asked the Court to dismiss requests for injunctive relief under RLUIPA. However, any request for injunctive relief under Sanford's First Amendment claims is moot as well for the same reasons. The Court may dismiss those requests for relief *sua sponte* to save time and expense. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

- **DENIES** the defendants' motions to dismiss based on the statute of limitations (Docs. 32 & 34);

- **GRANTS** the defendants' motion to dismiss Sanford's claim for injunctive relief under RLUIPA (Doc. 46);

- **DISMISSES without prejudice** all of Sanford's claims for injunctive relief in this case; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   July 31, 2017**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**